FILED
2016 Dec-12  PM 02:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:15-CV-1269-VEH |
| | ) |
| MICHAEL ROBERTS, | ) |
| | ) |
| Defendant. | ) |

---

## MEMORANDUM OPINION

### I.    Procedural Background

Plaintiff United States filed this ejectment action against Defendant Michael Roberts ("Mr. Roberts") on July 28, 2015, pursuant to 28 U.S.C. § 1345.[1] (Doc. 1). The suit seeks an order ejecting Mr. Roberts from a tract of land owned by Plaintiff that is part of the Talladega National Forest (Doc. 1 at 2 ¶ 3), including the removal of all personal property and structures. (Doc. 1 at 5 ¶ 21). Mr. Roberts, who is representing himself, responded to the complaint on December 2, 2015, and generally denied Plaintiff's allegations. (Doc. 16).

Pending before the court are Plaintiff's Motion for Summary Judgment (Doc.

---

[1] 28 U.S.C. § 1345 provides, in relevant part, that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . . ." *Id.*

23) (the "Motion") as well as its supporting brief (Doc. 24) and attached evidentiary materials, all of which were filed on July 6, 2016. The Motion seeks summary judgment on Plaintiff's ejectment claim and equitable relief in the form of an order requiring Mr. Roberts to vacate the property. (Doc. 23 at 1).

On July 7, 2016, the court entered a special notice and scheduling order on the Motion in light of Mr. Roberts's *pro se* status. (Doc. 25). That order established a deadline of August 15, 2016, for Mr. Roberts to respond to Plaintiff's Motion and cautioned him about the potential negative consequences of doing nothing. (Doc. 25 at 2). Nonetheless, Mr. Roberts has not contested any part of Plaintiff's Motion. For the reasons discussed below, Plaintiff's Motion is due to be granted.

## II.    Standards

### A.    Summary Judgment

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R . CIV. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (instructing that "district court should resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in his [or its] favor" (internal quotation marks omitted) (quoting *United States v. Four*

*Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 2006) (en banc))). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party*." Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). When, such as here, the moving party is the plaintiff, satisfying this initial Rule 56 burden means "*affirmatively* . . . support[ing] its motion with credible evidence …. [and] show[ing] that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *Fitzpatrick*, 2 F.3d at 1115 (citations and internal quotation marks omitted) (emphasis in original) (quoting *Four Parcels*, 941 F.2d at 1438). Only "[o]nce the moving party has properly supported its motion for summary judgment, [does] the burden shift[] to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'" *International Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

### B.   Mr. Roberts's Failure To Oppose Plaintiff's Motion

Rule 56(e) of the Federal Rules of Civil Procedure provides:

> **Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

> **(1)** give an opportunity to properly support or address the fact;
>
> **(2)** consider the fact undisputed for purposes of the motion;
>
> **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>
> **(4)** issue any other appropriate order.

FED. R. CIV. P. 56(e). Regardless of these available options in the event of a non-movant's failure to oppose, "[t]he movant … continues to shoulder the initial burden of production in demonstrating the absence of any genuine issue of material fact, and the court must satisfy itself that the burden has been satisfactorily discharged." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008) (emphasis added).

As this court has previously stated when the non-movant offers no opposition to a summary judgment motion:

> Thus, although a court may not a grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law. *See, e.g., Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) ("Although the failure to respond may allow the district court to accept the movant's factual assertions as true . . . , the moving party must still establish that the undisputed facts entitle him to a judgment as a matter of law."); *see also Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) ("Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled

4

to summary judgment as a matter of law."); *see also* FED. R. CIV. P. 56(e).

*Griffin v. U.S. Postal Serv.*, No. 1:06-CV-0124-VEH (Doc. 29 at 3) (N.D. Ala. Nov. 7, 2008); *see also United States v. One Piece of Real Property*, 363 F.3d 1099 (11th Cir. 2004) ("[T]he district court <u>cannot</u> base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." (emphasis added) (citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam))); *One Piece*, 363 F.3d at 1099 ("The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, <u>but must ensure that the motion itself is supported by evidentiary materials</u>.") (emphasis added); *Alsina-Ortiz v. Laboy*, 400 F.3d 77, 81 (1st Cir. 2005) (noting that, faced with a record without any opposing facts from non-movant, district court has discretion to "accept the moving party's allegedly uncontested facts as true, but <u>whether or not this justifies summary judgment for the moving party depends upon the legal and factual configuration that results</u>") (emphasis added) (*Laboy* cited with approval by Eleventh Circuit in *Reese*, 527 F.3d at 1269).

## III.   Factual Background[2]

Real property Tract T-15 is owned by the United States and is part of the

Talladega National Forest. AF No. 1.[3] In 1937, the United States purchased Tract

T-15, along with other tracts, from the Kyle Lumber Company and acquired title in

fee simple to these tracts. AF No. 2.1. The Indenture conveying Tract T-15 to the

United States was recorded by the Cleburne County Judge of Probate on September

6, 1937. AF No. 2.2. The United States purchased this property under the authority

of the Weeks Act of 1911, which provides the U.S. Secretary of Agriculture is

authorized to acquire forested land "necessary for the regulation of the flow of

---

[2] Keeping in mind that, when deciding a motion for summary judgment, the court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion, the court provides the following statement of facts. *See Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007) (observing that, in connection with summary judgment, a court must review all facts and inferences in a light most favorable to the non-moving party). This statement does not represent actual findings of fact. *See In re Celotex Corp.*, 487 F.3d 1320, 1328 (11th Cir. 2007). Instead, the court has provided this statement simply to place the court's legal analysis in the context of this particular case or controversy.

[3] Under appendix II of the court's uniform initial order (Doc. 2) entered on August 4, 2015, "[a]ll statements of fact must be supported by specific reference to evidentiary submissions." (*Id.* at 16). The designation "AF" stands for admitted fact and indicates a fact offered by Plaintiff that it has adequately supported through citations to underlying evidence as appendix II mandates. For Mr. Roberts, more specifically, this means that even though he failed to oppose Plaintiff's Motion in any manner, the court has independently reviewed the proof (*i.e.*, the declaration of Adrien Rodriguez, and the five documentary attachments) offered by Plaintiff to establish that proposed fact before accepting it as a fact admitted by Mr. Roberts. The court's numbering of admitted facts (*e.g.*, AF No. 1) corresponds to the numbering of Plaintiff's factual background as set forth in Doc. 24. A number following a decimal point corresponds to the particular sentence within the numbered statement of facts. For example, (AF No. 2.2) would indicate the second sentence of paragraph 2 of Plaintiff's statement of undisputed facts is the subject of the court's citation to the record.

navigable streams or the production of timber." AF No. 3.

In 1985, the U.S. Forest Service resurveyed the eastern boundary of Tract T-15 and determined that a portion of the eastern boundary line had been improperly marked by the United States to the west of where the actual property line ran based on the original real property description. AF No. 4.1. This meant that approximately .44 acre occupied by the then owners of the neighboring property, Herbert and Edna Roberts, actually belonged to the United States. AF No. 4.2. Due to the fact that Herbert and Edna Roberts had occupied this .44 acre continuously from 1973 based on the improperly marked line and the encroachment was innocent, the United States, in 1990, authorized the sale of the .44 acre to Mr. and Mrs. Roberts under the Small Tracts Act.[4] AF No. 5.

On August 27, 1990, the United States executed a Quitclaim Deed conveying the .44 acre, which was designated Tract T-365, to Herbert and Edna Roberts. AF No. 6. In or around fall of 2011, the U.S. Forest Service discovered that Mr. Roberts, the current owner of Tract T-365, had built structures and placed personal property that substantially crossed over the current property line onto Tract T-15. AF No. 7.

---

[4] As Plaintiff points out in its brief (Doc. 24 at 3 n.1), "[t]he Small Tracts Act of 1938 authorized the Secretary of the Interior to sell or to lease small, isolated five acre tracts of public lands to be used for 'home, cabin, camp, health, convalescent, recreational, or business site' purposes." (internal quotation marks omitted) (quoting *New W. Materials LLC v. Interior Bd. of Land Appeals*, 216 F. App'x 385, 387 (4th Cir. 2007) (in turn quoting 52 Stat. 609 (1938))).

After discussions with Mr. Roberts regarding the proper boundary line, in January 2012, a U.S. Forest Service Forest Land Surveyor went to survey the boundary of Tract T-15 and Tract T-365 using the original survey markers. AF No. 8. Upon surveying the area, the surveyor found that a survey marker that marked the boundary between Tract T-15 and Tract T-365 had been physically moved to a different location, making Tract T-365 appear larger. AF No. 9.1. The survey marker that had been moved had a detachable magnetic base that remained buried in the ground at its original location. AF No. 9.2.

After surveying the property, the surveyor prepared a survey that took into the account boundaries established by the August 27, 1990 Quitclaim Deed. AF No. 10.1. The survey shows that a portion of Tract T-15, which is federal land, has been cleared of timber and used for private parking and junk storage. AF No. 10.2. A private pond has also been constructed on a portion of Tract T-15. AF No. 10.3. Prior to filing this lawsuit, the United States notified Mr. Roberts multiple times of his trespass on and occupation of United States land, but Mr. Roberts refused to remove his property from the land. AF No. 10.

## IV.   Analysis

Plaintiff premises its action for ejectment on Alabama Code § 6-6-280. (Doc. 24 at 5). This statute requires proof that "the plaintiff was possessed of the premises

or has the legal title thereto, properly designating or describing them, and that the defendant entered thereupon and unlawfully withholds and detains the same." Ala. Code § 6-6-280(b); *see Ware v. Deutsche Bank Nat. Trust Co.*, 75 So. 3d 1163, 1172 (Ala. 2011) (same); *see also Steele v. Fed. Nat. Mortg. Ass'n*, 69 So. 3d 89, 92 (Ala. 2010) ("Actions in ejectment or actions in the nature of an action in ejectment are governed by § 6-6-280, and we are bound to interpret the language of that statute to mean exactly what it says." (citing *Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen*, 714 So.2d 293, 296 (Ala. 1998))).

Moreover, "[a] plaintiff who establishes that he has both legal title to the property when his complaint is filed and a right to immediate possession has established the elements for statutory ejectment." *Fed. Home Loan Mortg. Corp. v. Wilson*, No. 2:13-CV-1744-SLB, 2015 WL 5693600, at *5 (N.D. Ala. Sept. 29, 2015) (internal quotation marks omitted) (quoting *Taylor v. Bryars*, 602 So. 2d 378, 380 (Ala. 1992) (in turn quoting *Thompson v. First State Bank of Alabama*, 503 So. 2d 858, 860 (Ala. Civ. App. 1987)), *Taylor overruled on other grounds by Steele v. Fed. Nat. Mortg. Ass'n*, 69 So. 3d 89 (Ala. 2010)).

Here, Plaintiff has affirmatively shown, by way of undisputed legal title contained in the record, its rightful ownership of Tract T-15 at the time it initiated this action. Plaintiff also has demonstrated that Mr. Roberts has, without Plaintiffs'

permission, encroached upon a portion of Tract T-15 that abuts Tract T-365 (i.e., the .44 acre of former federal land acquired by Herbert and Edna Roberts through a Quitclaim Deed executed in 1990), including clearing the federally-owned land of timber and using that space for parking and storage. Mr. Roberts additionally has constructed a private pond on the federal property.

Mr. Roberts has not opposed the Motion in any manner, much less offered a shred of evidence suggesting that he holds an interest which would entitle him to occupy any area of Tract T-15, as measured by the underground survey markers that separate it from Tract T-365. Nonetheless and despite Plaintiff's repeated demands for full possession of Tract T-15, Mr. Roberts has refused to vacate the federal property upon which he is infringing. Under such circumstances, Plaintiff's Motion is due to be granted. *Cf. Wilson*, 2015 WL 5693600, at *5, *11 (finding foreclosure deed and defendant's continued presence on property "sufficient to establish a *prima facie* case for Freddie Mac's ejectment claim," rejecting defendant's numerous challenges to the underlying foreclosure and, ultimately granting summary judgment in favor of Freddie Mac on its ejectment claim); *Fed. Home Loan Corp. v. Brooks*, No. 2:14-CV-262-RDP, 2015 WL 4094237, at *4 (N.D. Ala. July 7, 2015) ("Simply put, the undisputed facts establish all the elements of Freddie Mac's ejectment action.").

10

## V.    Conclusion

The uncontested record straightforwardly substantiates the essential elements of Plaintiff's ejectment claim. Because Plaintiff has met its affirmative burden as the movant and as Mr. Roberts has offered nothing in opposition, the court will issue a separate order granting Plaintiff's Motion and ejecting Mr. Roberts from Tract T-15, including the removal of any personal property or structures from the federally-owned land, **no later than 5:00 p.m. on January 31, 2017**.

**DONE** and **ORDERED** this 12th day of December, 2016.

VIRGINIA EMERSON HOPKINS
United States District Judge

11