FILED

2016 Dec-20  PM 04:33
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.:  1:15-CV-1269-VEH** |
| | ) |
| **MICHAEL ROBERTS,** | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION AND ORDER

### I.     Introduction

A Final Judgment and Order of Ejectment was entered in this action in favor of Plaintiff and against Defendant Michael Roberts ("Mr. Roberts") on December 12, 2016. (Doc. 28). The court acknowledges receipt of Mr. Roberts's communication to the clerk's office dated December 12, 2016, and filed on December 14, 2016. (Doc. 29). Within this document, Mr. Roberts indicates that he has evidence to support his side of this case and requests a hearing date. *Id.* Because he is representing himself in this action, the court liberally construes Mr. Roberts's filing as a Rule 59(e) motion to alter or amend the Final Judgment and Order of Ejectment. *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

## II.    Rule 59(e) Standard

"The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985) (citing *Futures Trading Comm'n v. Am. Commodities Group*, 753 F.2d 862, 866 (11th Cir. 1984)). "While, as a rule, parties are not entitled to 'two bites at the apple', there are occasions in which reconsideration should be entertained." *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) (citing *Am. Home*, 763 F.2d at 1239).

As the Eleventh Circuit has summarized the limited scope of relief that is available to a litigant under Rule 59(e):

> "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59."); *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) ("The purpose of a Rule

59(e) motion is not to raise an argument that was previously available, but not pressed.").

## III.   Analysis

Mr. Roberts's single-page communication to the clerk indicates that "some copies of proof w[ere] sent to Dan [L]ong in this case claiming [sic] he never received it." (Doc. 29 at 1). The letter then suggests that "[d]ue to these errors [Mr. Roberts] eventually received a letter from the [Plaintiff] putting claim to [his] property" and also expressly requests a hearing. *Id.* Regardless of their merit, Mr. Roberts's points fall short of reaching the Rule 59(e) discretionary standard. Importantly, Mr. Roberts does not claim that the ambiguously referenced evidence was recently discovered or that the court's failure to hold an evidentiary hearing would somehow constitute manifest error.

Moreover, the deadline for Mr. Roberts to oppose Plaintiff's Motion for Summary Judgment, including filing any evidence helpful to his position, ran over four months ago–on August 15, 2016. (Doc. 25 at 2). The record shows that, on July 8, 2016, Mr. Roberts received delivery of the Notice and Scheduling Order which established his August opposition deadline. (Doc. 26 at 2). Yet, despite receiving this notice and learning about the serious consequences of offering no opposition to Plaintiff's Rule 56 efforts, he filed nothing. Setting this case for a hearing now and

reconsidering the merits of the Final Judgment and Order of Ejectment would inappropriately reward Mr. Roberts with a second bite of the apple when he never even bothered to take advantage of the first bite. *See Dugger*, *supra*. Therefore, having slept on his rights to contest Plaintiff's Motion for Summary Judgment in August, the court concludes that Mr. Roberts is without good grounds to support his request for a hearing or any purported Rule 59(e) relief and rejects both.

## III.    Conclusion

Thus, Mr. Roberts's belated request for a hearing is **DENIED**. Further, to the extent his communication can be construed as a motion seeking relief under Rule 59(e), it is also **DENIED**. Finally, the court fully expects Mr. Roberts to comply with all the terms of the Final Judgment and Order of Ejectment previously entered by it including his obligation to vacate Tract T-15, **no later than 5:00 p.m. on January 31, 2017**. As set forth in the Final Judgment and Order of Ejectment, Mr. Roberts's violation of this firm deadline to fully remove himself and any of his personal belongings from the federally-owned property would warrant further relief for Plaintiff, **including, but not limited to, an order requiring Mr. Roberts to reimburse Plaintiff for any reasonable cleanup costs associated with the restoration of Tract T-15**.

**DONE** and **ORDERED** this 20th day of December, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge